**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SUDIE GREEN** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARK S. DIAMOND, ET AL.,** | ) | |
| | ) | **Case No. 14 CV 2601** |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANTS BOTH, DIAMOND AND UNITED RESIDENTIAL SERVICES'
ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, CROSS CLAIMS AND
THIRD PARTY CLAIMS**

NOW COMES the Defendants, Dennis Both, Mark S. Diamond and United Residential Services & Real Estate, Inc. and, by and through their attorney Dennis E. Both, and answering Plaintiffs' Complaint states as follows:

**INTRODUCTION**

1.

**ANSWER:** Defendants admit that this is an action purporting to seek rescission and other redress, but deny that the action is proper and deny that any fraud, discrimination or other predatory practice occurred.

## JURISDICTION AND VENUE

2.

**ANSWER:** Defendants admit that based upon the allegations, the court has subject matter jurisdiction.

3.

**ANSWER:** Defendants admit the allegations of Paragraph 3.

## PARTIES

4.

**ANSWER:** Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.

5.

**ANSWER:** Defendants admit the allegations of Paragraph5.

6.

**ANSWER:** Defendants admit the allegations of Paragraph 6.

7.

**ANSWER:** Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.

8.

**ANSWER:** Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.

9.

**ANSWER:** Defendants admit that Dennis Both is a licensed attorney and deny the remaining allegations and deny any fraudulent conduct.

10.

**ANSWER:** Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.


11.

**ANSWER:** Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.


12.

**ANSWER:** Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.


13.
.

**ANSWER:** Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.

14.


**ANSWER:** Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.

15.

**ANSWER:**    Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.

16.

**ANSWER:**    Defendants deny the allegations of Paragraph 16.

17.

**ANSWER:**    Defendants deny the allegations of Paragraph 17.

18.

**ANSWER:**    Defendants admit prior and unrelated litigation and deny the remaining allegations of Paragraph 18.

19.

**ANSWER:**    The defendants admit that the listed litigation existed, deny that it is fully or accurately described, deny that the same are relevant and deny any liability in any of the former litigation,

20.

**ANSWER:**    Defendants admit prior and unrelated litigation and deny that the same has been fully and adequately described and deny that this Plaintiff has standing to allege a violation of the consent decree and deny that the consent decree was violated or that its terms continue.

21.

**<u>ANSWER:</u>**     Defendants deny that IDFPR revoked the brokerage license for fraud and affirmatively state that Diamond and OSI prevailed on those allegations and affirmatively state that the decision of IDFPR is currently on review in the Circuit Court of Cook County and deny that Diamond offers financing.

    22.

**ANSWER:**     Defendants admit the prior and unrelated litigation which remains pending.
    23.

**ANSWER:**     Defendants admit that the allegations of the Amended Complaint speak for themselves and deny that they have been fully or properly described and affirmatively state that the allegations of wrongdoing have been denied and have not been adjudicated.

    24.

**ANSWER:**     Defendants deny the allegations of Paragraph 24.

    25.
**ANSWER:**     Defendants deny the allegations of Paragraph 25.

    26.
**ANSWER:**     Defendants deny the allegations of Paragraph 26.

    27.

**ANSWER:**     Defendants deny the allegations of Paragraph 27.

    28.

**ANSWER:**     Defendants deny the allegations of Paragraph 28.

    29.

**ANSWER:**     Defendants deny the allegations of Paragraph 29.

30.

**ANSWER:**     Defendants deny the allegations of Paragraph 30.

31.

**ANSWER:**     Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.

32.

**ANSWER:**     Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.

33.

**ANSWER:**     Defendants admit that plaintiff's home was in need of extensive repairs.

34.

**ANSWER:**     Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.

35.

**ANSWER:**     Defendants admit meeting with the Plaintiff and discussing her repair needs and the condition of her home, deny suggesting any repairs, and deny that Hope was present

36.

**ANSWER:**     Defendants deny the allegations of Paragraph 36.

37.

**ANSWER:**     Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny them.

38.

**ANSWER:** Defendants deny the allegations as to Diamond and Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations regarding reverse mortgages and therefore deny them**.**

39.

**ANSWER:** Defendants deny the allegations of Paragraph 39.

40.

**ANSWER:** Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations regarding the date alleged and therefore deny them, deny that Diamond took any information and admit Bohn took information for and signed a loan application with full knowledge of her actions.

41.

**ANSWER:** Defendants admit the allegations of Paragraph 41.

42.

**ANSWER:** Defendants admit Plaintiff asked for assistance in updating her identification documents and the same was provided.

43.

**ANSWER:** Defendants deny arranging anything with Primary title or Roos Kirkpatrick, admit Roos Kirkpatrick charged a fee for her service, admit that Plaintiff knowingly signed the deed deny she did not know she was deeding the property to herself, admit it was properly notarized.

44.

**ANSWER:** Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations regarding the date alleged, but admit that Plaintiff knowingly signed documents prepared by Urban and Primary related to her reverse mortgage and they were notarized at that time.

45.

**ANSWER:**    Admit that Diamond did not close the loan and had no obligation to explain the loan, which was the function of others, deny that Both did not explain but deny that Both as notary had any obligation to explain anything and admit Plaintiff was asked how she wanted the proceeds of her loan paid.

46.

**ANSWER:**    Defendants deny any obligation to provide copies, and deny they were not provided, deny that Plaintiff was not provided with a Notice OF Right To Cancel in writing and deny that she did not sign such a notice, and deny that the right to cancel was not orally explained to her.

47.

**ANSWER:**    Defendants admit the allegations of Paragraph 47.

48.

**ANSWER:**    Defendants admit the allegations of Paragraph 48.

49.

**ANSWER:**    Defendants admit the allegations of Paragraph 49.

50.

**ANSWER:**    Defendants admit the allegations of Paragraph 50.

51.

**ANSWER:**    Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations regarding the date alleged, and admit a check was prepared.

52.

**ANSWER:**    Admit that Green knowingly paid United with the loan proceeds by knowingly endorsing the check to United and deny any lack of knowledge by Green.

53.

**ANSWER:**    Defendants admit the allegations of Paragraph 53.

54.

**ANSWER:**    Defendants admit the allegations of Paragraph 54.

55.

**ANSWER:**    Defendants admit the allegations of Paragraph 55.

56.

**ANSWER:**    Defendants admit that the check was deposited and deny that the account was owned by Diamond.

57.

**ANSWER:**    Defendants deny the allegations of Paragraph 57.

58.

**ANSWER:**    Defendants deny the allegations of Paragraph 58.

59.

**ANSWER:**    Defendants deny the allegations of Paragraph 59.

60.

**ANSWER:**    Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations regarding what the lender requires in general or what the lender required here, and as such deny the same and deny that there was any suggestion that the property was not in need of the repairs the plaintiff requested.

61.

**ANSWER:**    Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations and as such deny them.

62.

**ANSWER:**     Defendants admit that the documents were properly notarized, deny that the notary is the lender's closing agent and deny the remaining allegations.

63.

**ANSWER:**    Defendants deny the allegations of paragraph 63.

64.

**ANSWER:**    Defendants deny the allegations of paragraph 64.

65.

**ANSWER:**     Defendants deny the allegations of paragraph 65.

66.

**ANSWER:**      Defendants deny the allegations of paragraph 66.

67.

**ANSWER:**     Defendants admit only that the bathrooms were properly remodeled and deny the

remaining allegations.

68.

**ANSWER:**     Defendants deny the allegations of paragraph 68.

69.

**ANSWER:**     Defendants deny the allegations of paragraph 69.

70.

**ANSWER:**     Defendants deny the allegations of paragraph 70.

71.

**ANSWER:**     Defendants deny the allegations of paragraph 71.

72.

**ANSWER:**     Defendants deny the allegations of paragraph 72.

73.

**ANSWER:**     Defendants deny the allegations of paragraph 73.

74.

**ANSWER:**      Defendants deny the allegations of paragraph 74.

75.

**ANSWER:**     Defendants deny the allegations of paragraph 75.

76.

**ANSWER:**     Defendants lack knowledge or sufficient information to form a belief as to the truth

or falsity of the allegations and as such deny them.

77.

**ANSWER:**     Defendants lack knowledge or sufficient information to form a belief as to the truth

or falsity of the allegations and as such deny them.

78.
**ANSWER:**     Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations and as such deny them.

79.
**ANSWER:**     Defendants deny the allegations of paragraph 79.

80.
**ANSWER:**     Defendants deny the allegations of paragraph 80.

## COUNT I

81-89
**ANSWER:**     The allegations of Count I are not directed to these Defendants and as such no answer is necessary.

## COUNT II

90.

**ANSWER:**      Defendants adopt and reallege their answers to paragraph 1 through 80 above as their answers to paragraph 90 as if fully set forth herein.

91.
**ANSWER:**     Defendants admit only the existence of the statute and deny it applies here.

92.
**ANSWER:**     Defendants admit only the existence of the statute and deny it applies here.

93.
**ANSWER:**     Defendants admit only the existence of the statute and deny it applies here.

94.
**ANSWER:**     Defendants admit only the existence of the statute and deny it applies here.

95.
**ANSWER:**     Defendants admit only the existence of the statute and deny it applies here.

96.
**ANSWER:**     Defendants admit only the existence of the statute and deny it applies here.

97.
**ANSWER:**    Defendants admit only the existence of the statute and deny it applies here.

98.
**ANSWER:**    Defendants deny they made any arrangements.

99.
**ANSWER:**    Defendants deny the allegations of paragraph 99.

100.
**ANSWER:**    Defendants deny the allegations of paragraph 100, but admit the work was top

quality.

101.
**ANSWER:**    Defendants deny the allegations of paragraph101.

102.
**ANSWER:**    Defendants deny the allegations of paragraph 102.

103.
**ANSWER:**    Defendants deny the allegations of paragraph 103.

104.
**ANSWER:**    Defendants deny the allegations of paragraph 104.

105.
**ANSWER:**    Defendants deny the allegations of paragraph 105.

106.
**ANSWER:**    Defendants deny the allegations of paragraph 106.

107.
**ANSWER:**    Defendants deny the allegations of paragraph 107.

108.
**ANSWER:**    Defendants deny the allegations of paragraph 108.

109.
**ANSWER:**    Defendants deny the allegations of paragraph 109.

110.

**ANSWER:**     Defendants deny the allegations of paragraph 110.

111.

**ANSWER:**     Defendants deny the allegations of paragraph 111.

112.

**ANSWER:**     Defendants deny the allegations of paragraph 112.

113.

**ANSWER:**     Defendants deny the allegations of paragraph 113.

114.

**ANSWER:**     Defendants deny diamond had any obligation to perform and deny United failed to

perform and deny any obligation to return money that was properly paid to United.

115.

**ANSWER:**     Defendants deny the allegations of paragraph 115.

116.

**ANSWER:**      Defendants deny that Diamond employed anyone and deny the remaining

allegations of paragraph 116.

117.

**ANSWER:**     Defendants deny the allegations of paragraph 117.

118.

**ANSWER:**     Defendants deny the allegations of paragraph 118.

119.

**ANSWER:**     Defendants deny the allegations of paragraph 119.

120.

**ANSWER:**     Defendants deny the allegations of paragraph 120.

121.

**ANSWER:**     Defendants deny the allegations of paragraph 121.

122.

**ANSWER:**     Defendants deny the allegations of paragraph 122.

123.

**ANSWER:**     Defendants deny the allegations of paragraph 123.

124.

**ANSWER:**     Defendants deny the allegations of paragraph 124.

125.

**ANSWER:**     Defendants deny the allegations of paragraph 125.

126.

**ANSWER:**     Defendants deny the allegations of paragraph 126.

**COUNT III**

127-133

**ANSWER:**     Count III is the subject of a motion to dismiss and as such no answer is necessary.

**COUNT IV**

134-139.

**ANSWER:**     Count IV is the subject of a motion to dismiss and as such no answer is necessary.

**COUNT V**

140.

**ANSWER:**     Defendants adopt and reallage their answers to paragraphs 1 through 139 above as

their answer to paragraph 139 as if fully set forth herein.

141.

**ANSWER:**     Defendants deny the allegations of paragraph 141.

142.

**ANSWER:**     Defendants deny the allegations of paragraph 142.

143.

**ANSWER:**     Defendants deny the allegations of paragraph 143.

144.

**ANSWER:**     Defendants deny the allegations of paragraph 144.

145.

**ANSWER:**     Defendants deny the allegations of paragraph 145.

## COUNT VI

146-159

**ANSWER:**     The allegations of this count are not directed to these Defendants and as such no answer is required.


## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The allegations contained in Counts III and IV provide the court with subject matter jurisdiction and those counts are the subject of a motion to dismiss.

2. If Counts III and IV are dismissed the court should relinquish supplemental jurisdiction over the remaining state law claims.


### SECOND AFFIRMATIVE DEFENSE

1. Diamond and United are not lenders, brokers or title agents and have no duty to provide Plaintiff with copies of any lending documents, including notices of right to rescission, and no obligation to explain lending documents to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

1. Plaintiff was provided copies of loan documents in advance of closing, presented each loan documents for signature and allowed to read the same and provided with a copy of all loan documents at the closing and after the closing, and if she failed to read the same, she is stopped by her own conduct from maintaining this action.

## FOURTH AFFIRMATIVE DEFENSE

1. Plaintiff's damages, if any are caused solely by the actions of other over which these parties exercise no control and as such they are not liable for claimed damages.

## FIFTH AFFIRMATIVE DEFENSE

1. Plaintiff failed to mitigate her claimed damages.

## SIXTH AFFIRMATIVE DEFENSE

1. Plaintiff, without notice and through no fault of Defendants barred Defendants from completing the repairs/remodeling and breached her duty of good faith and fair dealing.

## SEVENTH AFFIRMATIVE DEFENSE

1. Plaintiff is guilty of unclean hands in her dealings with Defendants and her actions bar her claims.

## EIGHTH AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred in whole or in part because, at all times relevant and in all dealings with Plaintiff, Defendants acting in good faith and performed only innocent acts.

## NINTH AFIRMATIVE DEFENSE

1. If Plaintiff was entitled to a refund for home repairs she stopped she failed to make a written demand therefore and her claim is barred by her failure to follow the statute.

Wherefore, Mark Diamond, Dennis Both and United Residential Services and Real Estate, Inc., pray that this Honorable Court enter judgment in their favor and against Plaintiff, dismissing Plaintiff's complaint.

**CROSS CLAIMS OF DIAMOND AND UNITED**

1. Sudie Green(Green) claims to own the property commonly known as 741 N. Lockwood, Chicago, Illinois(the Property).

2. Green applied for a reverse mortgage through the services of mortgage brokers/originators. American Fidelity Financial Services (Fidelity) and its employee/agent Gary Bohn (Bohn).

3. Green filed suit alleging, fraud, civil rights violations, fair housing violations and conspiracy, among other claims.

4. Green claims that;

   a. the appraisal used to obtain her reverse mortgage loan from Urban Financial Group, Inc., (Urban) was in some way inflated;

   b. the terms of her loan were less favorable than those given to similarly situated caucasian borrowers;

   c. Green was targeted for unfavorable loan terms because of her race;

   d. the fair Housing Act was violated by targeting Green for unconscionable financing because of race and gender;

   e. engaged in conduct that was unfair and deceptive;

   f. delivered the proceeds check to defendants when Plaintiff did not want to do so;

   g. arranged a loan on grossly unfavorable terms, or on terms less favorable to minorities than to Caucasians.

5.  Neither Diamond nor United arranged or brokered the loan to Plaintiff.

6.  Neither Diamond nor United ordered the appraisal.

7.  Neither Diamond nor United made the loan to Plaintiff.

8.  Neither Diamond nor United issued the proceeds check.

9.  Plaintiff endorsed the proceeds check To United, when it was delivered to her.

10. Urban ordered or reviewed the appraisal to determine if it complied with its criteria for appraisals.

11. Bohn or Fidelity ordered or reviewed the appraisal to determine if it met with the lender's criteria.

12. If the appraisal was inflated or otherwise improper, Urban, Fidelity and/or Bohn were responsible for any improprieties.

13. If the proceeds check was not supposed to be delivered to United, Bohn or whoever delivered the check should not have done so and Plaintiff should not have endorsed and tendered the proceeds check to United.

14. Diamond and United dispute Plaintiff's claims.

15. If Diamond and United are li8able to Plaintiff, then Urban, Fidelity and Bohn are liable to them.

Wherefore, Mark Diamond and United Residential Services and Real Estate, Inc., pray that in the event they are found liable to Sudie Green, judgment be entered in their favor and against Urban Financial Group, Inc., American Fidelity Financial Services and Gary Bohn.

**COUNTERCLAIMS OF DIAMOND AND UNITED**
**(Sudie Green's Scheme to defraud)**

1. Sudie Green(Green) claims to own the property commonly known as 741 N. Lockwood, Chicago, Illinois(the Property).

2. At all times relevant hereto the Property was in a state of disrepair and in desperate need of improvement.

3. Green consulted with United Residential Services and Real Estate (United) about providing the much needed repairs to bring the Property into an average livable condition.

4. Among the deplorable conditions endured by the residents of the Property at the time Green contacted United, the second floor bathroom was in disrepair and sewage pipes leaked waste water into the bathroom below, the rear porch was structurally unsound and did not minimum City of Chicago building codes, the third floor was occupied but did not meet minimum standards for occupancy, including lacking heating.

5. The parties discussed the needs of the Property and the desires of Green for improvement and United provided an estimate in writing that was later signed and became the contract between the parties. The contract was dated May 18, 2012 and a copy was provided to Green upon execution.

6. Green advised United that she did not have the funds to make all the repairs she both needed and desired and was advised that she would be referred to a mortgage broker to see if she could obtain a loan to fund the repairs.

7. United contacted American Fidelity Financial Services (Fidelity) and one of its agents/employees, Gary Bohn (Bohn) who held themselves out as competent Illinois residential mortgage brokers and originators.

8. Bohn met with Green to take a loan application, which is lengthy in nature, and Green provided the requested information and signed an application and clearly understood the nature of the transaction.

9. Prior to the loan processing being completed Green contacted Untied and claimed that it was an emergency that the leaking and unsanitary bathrooms be repaired immediately and without waiting until funds were available to pay for the requested services.

10. Green clearly had a need for improvements and had sucked United into her confidence, assuring that she would pay for the work when the money was available and would go forward with all of the repairs if United would please make the repairs post haste.

11. Green was pleasant, clearly needed the repairs and had begun the process of obtaining the funds so it was reasonable to believe that she was an honest person and could be trusted to live up to her promises.

12. Based upon her pleas for help and promises of payment and promise to retain United for all the necessary repairs, United began work immediately on both the first and second floor bathrooms.

13. The first floor bathroom repairs were completed before the loan for which Green had applied had closed and the work on the second floor bathroom was ongoing.

14. Green had no complaints about the work and had complimented the same.

15. At the time the loan closed and funded, if Green was unhappy with the work she could have stopped the same or refused to close the loan or could have refused to assign the proceeds in payment for the repair contract.

16. If any of Green's allegations regarding the work were true, she would not have closed the loan and would not have paid the contract price when the loan funded.

17. Green's complaints as set forth in her complaint are a recent fabrication designed to excuse her refusal to allow the contract to be completed.

18. United continued working on the repairs, consulted an architect to prepare plans and obtain a permit for the porch repairs until, without complaint, Green abruptly stopped the work and refused allow workers to continue.

19. Diamond contacted Green repeatedly to inquire about problems and Green refused to say what the issue was, and refused to talk to Diamond.

20. At no time did Green advise United that she desired to cancel the contract, nor did she request a refund of the funds dedicated to the work that she now refused to allow.

21. Instead, Green filed this litigation, against these parties alleging consumer fraud, fair housing discrimination, and conspiracy.

22. Green acknowledged receipt of the Attorney General "Know Your Consumer Rights" bulletin the required notice of right to cancel the contract and now falsely claims she did not receive the same.

23. Green never cancelled the contract within the 3 day cancellation period.

24. As a result of Green's representations of payment, satisfaction desire to proceed with all the contracted work, acknowledgment of receipt of all proper forms and failure to cancel within the statutorily allowable time frame, United proceeded with the work and the project.

25. United is a small company and has limits to the work it can schedule and perform at any given time and by accepting this job had to forego other work.

26. Green knew that her promises as described above were false when she made them and she intended United to rely upon her representations and promises.

27. Green made her promises to United intending to not to perform her obligations and promises and intending to obtain her much needed repairs and a full refund through filing false claims against United and Diamond.

28. As a direct and proximate result of Greens scheme to defraud Diamond and United and her false promises, Diamond and United have been damaged.

Wherefore, Mark Diamond and United Residential Services and Real Estate, Inc., pray this Honorable court enter judgment in their favor and against Sudie Green

**COUNT II**

29. United adopts and realleges paragraphs 1-29 inclusive, of Count I as paragraph 30 of Count II as if fully set forth herein.

30. United performed all of its obligations that it was allowed to perform, pursuant to the contract, before Green barred or otherwise prevented it from performing.

31. Green had an obligation to act in good faith and not prevent United from performing and not prevent United from performing and then falsely claiming that United had not performed.

32. Green breached her duty of good faith by preventing United form performing.

33. Green's breach of the contract between the parties has damaged United.

Wherefore, United Residential Services and Real Estate, Inc., prays this Honorable court enter judgment in their favor and against Sudie Green.

## COUNT III
### (Conspiracy)

34. United and Diamond adopt and reallege paragraphs 1-29 inclusive of Count I as paragraph 35 of Count III as if fully set forth herein.

35. Green's attorneys, the Legal Assistance Foundation (LAF) have a long history of illegitimate animosity toward United and Diamond and of filing litigation which claims fraud and discrimination, in an effort to intimidate and extort United and Diamond into canceling contracts and refunding money, or providing repairs without cost, when it knows that no fraud or discrimination has occurred.

36. United and Diamond, believe, consistent with its past practices and method of operations, LAF and/or its staff attorneys urged Green to convert a simple, contract dispute into claims of fraud, discrimination and conspiracy, in order to obtain free remodeling.

37. Green and LAF and its staff conspired and agreed to concoct false claims of fraud, to deny receipt of documents that Green received, to deny that Green was aware that she was applying for and obtaining a reverse mortgage, and to claim fraud and discrimination, when they knew or should have, after proper investigation, known that such allegations were not true.

38. Green and LAF and its staff each participated in the scheme and the conspiracy, in an effort to obtain the proceeds of the loan and free remodeling.

39. United and Diamond have been damaged as a result of Green's and LAF's conspiracy to defraud them.

Wherefore, Mark Diamond and United Residential Services and Real Estate, Inc., pray this Honorable court enter judgment in their favor and against Sudie Green.

United Residential Services and Real Estate, Inc., Mark Diamond, Dennis Both

/s/DennisBoth
Dennis Both
One of their Attorneys

Dennis Both
1332 North Halsted Street, Suite 100
Chicago, IL   60642
Ph: (312) 475-9900, Fx: (312) 475-1188
Email:   dbothlaw@att.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the attached, was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern, by using the CM?ECF which will send notification of such filing via electronic delivery to attorneys of record on September 22, 2014.

  /s/Dennis Both
Dennis Both

Dennis Both
1332 North Halsted Street, Suite 100
Chicago, IL   60642
Ph: (312) 475-9900, Fx: (312) 475-1188
Email:   dbothlaw@att.net